# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM S32644 (f rev)**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Kejuan D. DANIELS**
Airman First Class (E-3), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

*Upon Further Review*

Decided 24 February 2022

————————————

*Military Judge:* Sterling C. Pendleton.

*Sentence:* Sentence adjudged 22 January 2020 by SpCM convened at Dyess Air Force Base, Texas. Sentence entered by military judge on 6 February 2020 and reentered on 7 June 2021: Bad-conduct discharge, confinement for 30 days, forfeiture of $1,120.00 pay per month for one month, reduction to E-1, and a reprimand.

*For Appellant:* Major Jenna M. Arroyo, USAF.

*For Appellee:* Mary Ellen Payne, Esquire.

Before JOHNSON, POSCH, and KEY, *Appellate Military Judges.*

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

PER CURIAM:

Appellant's case is before us for the second time. A special court-martial composed of a military judge alone convicted Appellant, in accordance with his pleas and pursuant to a plea agreement, of one specification of conspiracy to violate a lawful general regulation, one specification of wrongful solicitation to

make a false official statement, one specification of violation of a lawful general regulation, one specification of making a false official statement, and one specification of wrongfully using marijuana on divers occasions in violation of Articles 81, 82, 92, 107, and 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 881, 882, 892, 907, 912a. The military judge sentenced Appellant to a bad-conduct discharge, confinement for 30 days,* forfeiture of $1,120.00 pay per month for one month, reduction to the grade of E-1, and a reprimand. The convening authority took "no action" on the findings or sentence, but provided language for the adjudged reprimand. Thereafter, the military judge signed an entry of judgment reflecting the adjudged findings and sentence.

Upon our initial review, although Appellant raised no specific assignment of error, we remanded the record to the Chief Trial Judge, Air Force Trial Judiciary, due to the convening authority's failure to take action on the entire sentence. *United States v. Daniels*, No. ACM S32644, 2021 CCA LEXIS 267 (A.F. Ct. Crim. App. 1 Jun. 2021) (unpub. op.); *see also United States v. Brubaker-Escobar*, 81 M.J. 471, 474 (C.A.A.F. 2021) (per curiam) (holding the convening authority's failure to approve, disapprove, commute, or suspend the sentence in any court-martial where the accused was convicted of an offense committed before 1 January 2019 is procedural error).

Accordingly, the convening authority took action on the entire sentence, a military judge reentered the judgment of the court-martial, and the record has returned to this court for completion of our review pursuant to Article 66, UCMJ, 10 U.S.C. § 866. Appellant has once again submitted the record for review on its merits with no specific assignment of error. The findings and sentence as entered are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court

---

* The military judge imposed concurrent sentences to confinement of 30 days for the violation of Article 92, UCMJ, and 15 days for the violation of Article 81, UCMJ. He imposed no confinement for the other offenses.